**IT IS ORDERED as set forth below:**

**Date: January 4, 2022**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| IN THE MATTER OF: | : | CASE NUMBERS |
|---|---|---|
| | : | |
| CARLOS DEMTERIUS HANDRIX, | : | |
| SR. and MARIE HARVEY-HENDRIX, | : | BANKRUPTCY CASE |
| Debtors. | : | 19-63108-LRC |
| _____ | : | |
| CATHY L. SCARVER | : | |
| as Chapter 7 Trustee for the Estate of | : | ADVERSARY PROCEEDING |
| CARLOS DEMETRIUS HENDRIX, | : | |
| SR. and MARIE HARVEY-HENDRIX, | : | NO. 20-06025-LRC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | IN PROCEEDINGS UNDER |
| CALIBER HOME LOANS, INC., | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |
| | : | |

# **ORDER**

This matter comes before the Court on Defendant's *Motion for Leave to File Sur-Reply* (the "Motion," Doc. 22) and Plaintiff's *Response in Opposition to Motion to File*

*Sur-Reply* (Doc. 23).

Defendant seeks leave to file a surreply. While the Court's decision to permit the filing of a surreply is "purely discretionary," it "should generally only be allowed when 'a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.'" *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) (quoting *Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). Indeed, allowing "'surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs.'" *Fedrick*, 366 F. Supp. 2d 1190 at 1197.

On February 3, 2020, Plaintiff filed her complaint (Doc. 1), seeking to avoid what she deems "several" pre-petition transfers of an interest in Debtors' real property. On May 13, 2021, Defendant filed a motion for summary judgment (the "MSJ Motion"), which Plaintiff opposes. One issue to be decided is whether a security deed (the "Security Deed"), signed by an unofficial witness, Debtors, and containing an acknowledgement signed by a closing attorney on the same page, was improperly recorded and is therefore avoidable. A waiver of borrower's rights, including an attorney affidavit signed by the closing attorney whose acknowledgement appears on the Security Deed, was recorded contemporaneously with the Security Deed. The parties disagree as to whether this accompanying documentation is incorporated into the Security Deed and whether it could cure a deficient security deed pursuant to O.C.G.A § 44-2-18 ("Georgia's Remedial Statute").

In filings by each with regard to the MSJ Motion, the parties discuss how the facts in this matter compare with those in *In re Lindstrom*, 608 B.R. 283 (Bankr. N.D. Ga. 2020)

*reversed and remanded*, 621 B.R. 42 (N.D. Ga. 2020), *appeal pending* Case No. 20-13615 (11th Cir. 2020). *See e.g.,* Doc. 13 at 30 and Doc. 18 at 1-7. *Lindstrom* concerns the avoidance of a facially defective security deed signed by an unofficial witness, debtor, and acknowledged by a closing attorney on the page after. There too, the closing attorney signed an affidavit included with a waiver of borrower's rights, which was recorded contemporaneously with the deed. At issue in *Lindstrom* is whether these accompanying documents can cure a defective deed by meeting the requirements of Georgia's Remedial Statute. The issue has been briefed and argued before the Eleventh Circuit Court of Appeals.

Considering the parties in the instant case appear to disagree as to whether the Security Deed was properly recorded under facts comparable to those in *Lindstrom*, the Court believes that a ruling in *Lindstrom* could be instructive in this matter. If so, the Court expects that both parties will seek the opportunity to update and expand their briefs and the filing of a surreply at this time could be premature. For this reason, the Court will defer ruling on the MSJ Motion and the Motion until a ruling is issued in *Lindstrom*, at which time the parties may further advise the Court as to whether additional briefing is necessary or would be helpful to the Court. Therefore,

IT IS ORDERED that the Motion and the MSJ Motion are **DEFFERED** until further order of the Court.

**END OF DOCUMENT**

**Distribution List**

**J. Kelsey Grodzicki**
Winter Capriola Zenner, LLC
One Ameris Center, Suite 800
3490 Piedmont Road NE
Atlanta, GA 30305

**Caliber Home Loans, Inc.**
**c/o C T Corporation System**
289 S. Culver Street
Lawrenceville, GA 30046-4805

**Cathy L. Scarver**
P.O. Box 672587
Marietta, GA 30006

**Michael J. Bargar**
Arnall Golden Gregory, LLP
Suite 2100
171 17th Street, N.W.
Atlanta, GA 30363

**William Dale Matthews**
Arnall Golden Gregory LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363